## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ARTURO CORTES-MENDOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. _____ |
| | ) | |
| H2S HOLDINGS, LLC; HERE TO | ) | |
| SERVE RESTAURANTS, INC.; | ) | |
| BIG FISH ENTERPRISES, INC.; | ) | |
| OASIS OUTSOURCING, INC.; | ) COLLECTIVE ACTION COMPLAINT | |
| LEIGH CATHERALL; and | ) | |
| THOMAS CATHERALL, | ) | |
| | ) | |
| Defendants. | ) | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Arturo Cortes-Mendoza files this Collective Action Complaint against H2S Holdings, LLC, Here to Serve Restaurants, Inc., Big Fish Enterprises, Inc., Oasis Outsourcing, Inc., Leigh Catherall, and Thomas Catherall (together "Defendants") and alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by misclassifying Plaintiff and similarly situated employees as exempt, failing to pay them earned overtime wages for hours worked in excess of forty (40) hours per week, and failing to pay for all work performed.

## JURISDICTION AND VENUE

1.      This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391.  Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3.      Plaintiff resides in Fulton County, Georgia.  In the three (3) years preceding the date of the filing of this lawsuit ("the relevant time period"), Plaintiff was employed by Defendants as a sous-chef at restaurants including Twist Restaurant.

4.      Defendant Here to Serve Restaurants, Inc. ("Here to Serve") is a Georgia corporation with its principal place of business located in Atlanta, Georgia in this district and division.

5.      Defendant H2S Holdings, LLC ("H2S") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia in this district and division.

6.      Defendant Big Fish Enterprises, Inc. ("Big Fish") is a Georgia corporation with its principal place of business located at 3500 Peachtree Road, Suite 1095A, Atlanta, GA 30326 in this district and division.

7.      Defendant Oasis Outsourcing, Inc. ("Oasis") is a Florida corporation with its principal place of business in West Palm Beach, Florida.  Defendant Oasis maintains a registered agent in Fulton County, Georgia in this district and division.

8.      Defendant Leigh Catherall is an individual and, upon information and belief, resides in Fulton County, Georgia in this district and division.  During the relevant period, Defendant Leigh Catherall was an officer and/or owner of H2S, Here to Serve, and Big Fish, and had control and direction over workplace conditions, operations, personnel, and compensation at the restaurants at which Plaintiff and other similarly situated employees worked.  Leigh Catherall knew or should have known of Defendants' violations under the FLSA as alleged herein.

9.      Defendant Thomas Catherall is an individual and, upon information and belief, resides in Fulton County, Georgia in this district and division. During the relevant period, Defendant Thomas Catherall was an officer and/or owner of H2S, Here to Serve, and Big Fish, and had control and direction over workplace conditions, operations, personnel, and compensation at the restaurants at which

Plaintiff and other similarly situated employees worked.  Thomas Catherall knew or should have known of Defendants' violations under the FLSA as alleged herein.

10.    At all relevant times Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

11.    Defendants have employed Plaintiff and similarly situated sous-chefs at restaurants at 111 West Paces Ferry Rd NW, Atlanta, Georgia 30305 (Coast), 3719 Old Alabama Road, Johns Creek, Georgia 30022 (Coast Johns Creek), 705 Town Boulevard, Atlanta, Georgia 30319 (Noche Brookhaven), 2850 Paces Ferry Rd SE, Atlanta, Georgia 30339 (Noche Vinings), 1000 Virginia Avenue NE, Atlanta, Georgia 30306 (Noche Virginia – Highland), 3393 Peachtree Rd NE, Atlanta, Georgia 30326 (Prime), 705 Towne Boulevard, Suite 320, Atlanta, Georgia 30319 (Shucks), 804 Town Boulevard, Atlanta, Georgia 30319 (Smash), Atlantic Station, 245 18th Street, Atlanta, Georgia 30363 (Strip), 3500 Peachtree Rd NE, Atlanta, Georgia 30326 (Twist), 2137 Manchester Street, Atlanta, Georgia 30324 (H2S, Cookie Dough, and Here To Serve), 3500 Lenox Road Northeast #100, Atlanta, GA 30326 (Aja), 4400 Ashford Dunwoody Rd, Atlanta, GA 30346 (Goldfish), 3280 Peachtree Rd #150, Atlanta, GA 30305 (Cantina Taqueria & Tequila Bar), and other locations (all restaurants together the "Restaurants").

## FACTS

12.     For the period before October 5, 2012 through on or about October 5, 2015, Defendants employed Plaintiff and similarly situated employees as sous-chefs at the Restaurants.

13.     Plaintiff and the other sous-chefs employed at the Restaurants were similarly situated, with similar job duties and responsibilities, and with similar pay structure.

14.     Plaintiff and the other sous-chefs routinely worked in excess of 40 hours per week, and routinely were denied payment of overtime compensation required by the FLSA.

15.     Plaintiff and the similarly situated sous-chefs were not learned professionals, nor did they exercise managerial duties or discretion. Their job functions were dictated and monitored by higher level managers.

16.     During the relevant period Defendants have either (1) misclassified Plaintiff and similarly situated sous-chefs as exempt employees under the FLSA and failed to properly pay them all overtime wages required; or (2) classified Plaintiff and similarly situated sous-chefs as non-exempt, but substantially underpaid them their overtime compensation.

17.     Due to a willful and deliberate misclassification and/or deliberate and willful underpayment of wages, Defendants have required Plaintiff and similarly situated sous-chefs to work hours in excess of 40 hours a week, without proper compensation for those hours, in violation of the FLSA.

18.     Defendants also willfully failed to pay and timely pay Plaintiff and similarly situated sous-chefs their wages for work performed during the month preceding October 6, 2015 in violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings this case on his own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, at any time during the period beginning three years prior to the filing date of this Complaint through October 6, 2015, were employed by any of Defendants as a sous-chef at any of the Restaurants.

20.     Plaintiff, on behalf of himself and Collective Class members, seeks relief on a collective basis challenging Defendants' failure to properly pay wages, including overtime wages for hours worked in excess of forty hours per week in violation of the FLSA.

21.     The Collective Class is so numerous that joinder of all members is impracticable.  It is believed that the Collective Class includes over forty persons.

22.    Plaintiff's claims and defenses are typical of the claims and defenses of the Collective Class members.

23.    Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation.  Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

24.    This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical.  The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

25.    Common questions of law and fact predominate in this action, including but not limited to:

    a.  Identification of all persons in the Collective Class;

    b.  Whether Plaintiff and Collective Class members were exempt from FLSA requirements for payment of overtime compensation;

    c.  Whether Defendants properly paid Plaintiff and Collective Class members overtime wages; and

    d.  Whether Defendants paid and timely paid Plaintiff and Collective Class members proper wages for all hours worked.

26.    Plaintiff has given his written consent to become a party plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit A."

## COUNT I – FAIR LABOR STANDARDS ACT

27.    Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth in full herein.

28.    At all relevant times, Defendants have been and were employers engaged in interstate commerce and/or the production of services for commerce, within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

29.    At all relevant times, Defendants employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq.*

30.    At all times during the relevant period, Defendants were joint employers of Plaintiff.

31.    At all times during the relevant period, Defendants were an enterprise (as that term is defined in 29 U.S.C. § 203(r)) with multiple employees (including Plaintiff and Collective Class members) who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

32.   At all relevant times, each Defendant had annual gross revenue and volume of sales in excess of $500,000.00.

33.   At all relevant times, Defendants had a policy and practice of misclassifying Plaintiff and Collective Class members as exempt under the FLSA, or otherwise failing to pay them the overtime premium wages required by the FLSA.

34.   At all relevant times, Defendants had a policy and practice of refusing, and did refuse, to pay Plaintiff and the Collective Class members the full amount of overtime compensation required by the FLSA for hours worked in excess of forty (40) hours per week.

35.   As a result of Defendants' willful failure to pay Plaintiff and Collective Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, including §§ 207(a)(1) and 215(a).

36.   Defendants also willfully failed to pay and timely pay Plaintiff and Collective Class members their wages for work performed during the period September 1, 2015 through October 6, 2015 in violation of the FLSA.

37.   Defendants have failed to make, keep, and preserve with respect to Plaintiff and Collective Class members, records sufficient to determine the wages,

hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

38.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

39.    Plaintiff and Collective Class members suffered damages due to Defendants' willful misconduct.

40.    Due to Defendants' FLSA violations, Plaintiff and Collective Class members are entitled to recover from Defendants their unpaid wages, including all overtime and other unpaid wages, and an additional amount – equal to the unpaid wages and unpaid timely wages – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a trial by jury and that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of Plaintiff and Collective Class members;

B.    Prompt issuance of notice pursuant to 29 U.S.C. 216(b) to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action

by filing individual Consents to Opt In, and appointing Plaintiff and his counsel to represent the Collective Class members;

C.      Award of all unpaid wages, including but not limited to all unpaid overtime compensation, due under the FLSA to Plaintiff and the Collective Class members;

D.      Award of liquidated damages to Plaintiff and Collective Class members;

E.      Award of prejudgment and post judgment interest;

F.      Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

G.      Such other relief as this Court deems just and proper.

## <u>JURY TRIAL DEMANDED</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint

Respectfully submitted this 13th day of October, 2015,

**HALL & LAMPROS, LLP**

/S/ Christopher B. Hall
Christopher B. Hall
Ga. Bar #318380
Andrew Lampros
Ga. Bar #432328
1230 Peachtree St. NE

Suite 950
Atlanta, GA 30309
Tel.: (404) 876-8100
Fax: (404) 876-3477
chall@hallandlampros.com
alampros@hallandlampros.com

**THE GARDNER FIRM, P.C.**
Mary E. Olsen (OLSEM4818) (to be admitted Pro Hac Vice)
M. Vance McCrary (MCCRM4402) (to be admitted Pro Hac Vice)
Post Office Drawer 3103
Mobile, AL  36602
P: (251) 433-8100
F: (251) 433-8181

*Attorneys for Plaintiffs*

Counsel for Plaintiff certifies that this Collective Action Complaint is in 14 point Times New Roman Font in compliance with the Local Rules of the Northern District of Georgia.